IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ENOCH CLARK III,

              Plaintiff,

  vs.                                          Case No. 16-3119-SAC

OFFICER KEVIN WILLS,
OFFICER SARAH PANJADA,
SERGEANT PHILLIP TRUSSKEY,
TERRA D. MOREHEAD, and
UNITED STATES OF AMERICA,

              Defendants.

MEMORANDUM AND ORDER

The plaintiff Enoch Clark III, an inmate at F.C.I. Greenville in Greenville, Illinois, is seeking relief under 42 U.S.C. § 1983 against the named Kansas City, Kansas police officers, Kevin Wills, Sarah Panjada and Phillip Trusskey, for Fourth Amendment violations arising from their search and seizure of Mr. Clark on March 7, 2014. The plaintiff Clark is also bringing a *Bivens*[1] action seeking relief against the Assistant United States Attorney Terra D. Morehead for malicious prosecution and abuse of process on charges arising from the unlawful search and seizure. Clark alleges the United States of America is "legally responsible for the unlawful acts committed by" its employees. ECF#15, ¶ 9. The plaintiff originally brought this action against only the defendant officers who had filed then a motion to

---

[1] *Bivens v. Six Unknown Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).

1

dismiss for failure to state a claim arguing that the § 1983 action had not been filed within two years of Clark's arrest in March of 2014. ECF# 8. The plaintiff responded by filing a first amended complaint adding the defendants Morehead and United States of America and adding the claims of malicious prosecution and abuse of process. ECF# 15. The plaintiff also filed separately a response stating that the defendant officers' motion was moot. ECF# 16. The court agrees this motion to dismiss (ECF# 8) is moot in light of subsequent filings and is denied for that reason. The first amended complaint, however, has not been screened, and no summons has been issued on these additional *Bivens* defendants. The court will address these matters below.

      The defendant officers have filed a second motion to dismiss for failure to state a claim again arguing that the governing two-year statute of limitations commenced with the Clark's arrest and custody on March 7, 2014, and expired before he filed this action on June 6, 2016. ECF# 17. Citing *Heck v. Humphrey*, 512 U.S. 477 (1994), and *Wallace v. Kato*, 549 U.S. 384 (2007), the plaintiff Clark contends his § 1983 claim for "wrongful seizure" is not untimely, for he could not have commenced his action "until his motion to suppress the evidence was granted" by the federal district court judge in his criminal case. ECF# 22. In reply, the defendant officers counter Clark's argument as a misreading of *Heck* which is inapplicable because Clark was not convicted of any offense related to the March 7th

events. The defendants point to *Wallace* as clarifying that the possibility of Clark's conviction on the March 7th events did not delay the accrual of Clark's wrongful search and seizure claims. The defendants also deny the plaintiff has alleged a Fourth Amendment malicious prosecution claim. If Clark had alleged one, the defendants say this claim too would not survive their 12(b)(6) motion. This is because the dismissal of charges upon a successful suppression motion does not qualify as a favorable termination for a malicious prosecution claim according to *Margheim v. Buljko*, 855 F.3d 1077, 1089 (10th Cir. 2017).

**STANDARDS GOVERNING RULE 12(B)(6) MOTIONS**

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988) (citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992). In addressing a claim brought under § 1983, the analysis begins by identifying the specific constitutional right allegedly infringed. *Graham v. Connor*, 490 U.S. 386, 393-94 (1989). The validity of the claim then must be judged by reference to the specific constitutional standard which governs that right. *Id*.

A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v.*

*Pardus*, 551 U.S. 89, 94 (2007). In addition, the court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006). On the other hand, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citation omitted).  The same standard used for Fed. R. Civ. P. 12(b)(6) motions is used for 28 U.S.C. § 1915 dismissals, and this includes the newer language and meaning taken from *Twombly* and its "plausibility" determination. *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (citations omitted); *see also Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009), *cert. denied*, 558 U.S. 1148 (2010). As a result, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Kay*, 500 F.3d at 1218 (citation omitted). Under this new standard, "a plaintiff must 'nudge his claims across the line from conceivable to plausible.'" *Smith*, 561 F.3d at 1098 (citation omitted). The court accepts as true "all well-pleaded factual allegations in a complaint and view[s] these allegations in the light most favorable to the plaintiff." *Id.* The court's obligation to accept a complaint's allegations as true is tempered by

the principle that "mere labels and conclusions, and a formulaic recitation of the elements of a cause of action will not suffice; a plaintiff must offer specific factual allegations to support each claim." *Kansas Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011) (quoting in part *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks omitted)).

## STATUTE OF LIMITATIONS

The governing statute of limitations in § 1983 actions is the state statute of limitations for personal injury actions. *See Hardin v. Straub*, 490 U.S. 536, 539 (1989); *Brown v. Unified Sch. Dist. 501, Topeka Pub. Schs.*, 465 F.3d 1184, 1188 (10th Cir. 2006). "For Kansas, this is the two-year limitations period in K.S.A. § 60-513(a)." *Brown*, 465 F.3d at 1188. The accrual of a § 1983 claim, however, is a matter of federal law and occurs "when the plaintiff has a complete and present cause of action." *Wallace v. Kato*, 549 U.S. 384, 388 (2007).

"A § 1983 action accrues when facts that would support a cause of action are or should be apparent." *Fogle v. Pierson*, 435 F.3d 1252, 1258 (10th Cir.)(internal quotation marks and citation omitted), *cert. denied*, 549 U.S. 1059 (2006). The common-law tort principles applied to § 1983 include "the standard rule that [accrual occurs] when the plaintiff has a complete and present cause of action, that is, when the plaintiff can file suit and obtain relief." *Wallace v. Kato*, 549 U.S. 384, 388 (2007) (internal quotation

marks and citations omitted). Thus, "[t]here can be no dispute that petitioner could have filed suit as soon as the allegedly wrongful arrest occurred, subjecting him to the harm of involuntary detention, so the statute of limitations would normally commence to run from that date." *Id*. But for a false imprisonment claim, the Supreme Court in *Wallace* distinguished the accrual date as when the false imprisonment ends, that is, when detention without legal process ends and the victim is "bound over by a magistrate or arraigned on charges." *Id.* at 389-90 (citations omitted). "From that point on, any damages recoverable must be based on a malicious prosecution claim and on the wrongful use of judicial process rather than detention itself." *Id.* at 390 (internal quotation marks and citations omitted). The Tenth Circuit has summarized this relevant law as follows:

> A claim of false imprisonment accrues when the alleged false imprisonment ends. *Wallace v. Kato*, 549 U.S. 384, 389, 127 S.Ct. 1091, 166 L.Ed.2d 973 (2007). A claim of malicious prosecution does not accrue until the criminal proceedings have terminated in the plaintiff's favor. *See Heck v. Humphrey*, 512 U.S. 477, 489, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994); *Robinson v. Maruffi*, 895 F.2d 649, 654–55 (10th Cir.1990). . . .
>     What separates the two claims?—the institution of legal process. Unreasonable seizures imposed without legal process precipitate Fourth Amendment false imprisonment claims. *See Wallace*, 549 U.S. at 389, 127 S.Ct. 1091 (concluding that false imprisonment was the proper analogy where defendants did not have a warrant for the plaintiff's arrest and thus detention occurred without legal process). Unreasonable seizures imposed with legal process precipitate Fourth Amendment malicious-prosecution claims. *See Heck*, 512 U.S. at 484, 114 S.Ct. 2364 (where detention occurs with legal process the "common-law cause of action for malicious prosecution provides the closest analogy").

*Myers v. Koopman*, 738 F.3d 1190, 1194 (10th Cir. 2013) (footnote omitted), *cert. denied*, 134 S.Ct. 2842 (2014).

The plaintiff Clark attaches to his amended complaint the federal district court opinion granting his motion to suppress, and it establishes that the search, seizure and arrest on March 7th occurred without legal process. ECF# 15-1. The plaintiff also alleges he was released from Wyandotte County Detention Center on March 10, 2014, without being charged.[2] Thus, the statute of limitations against the state officers for the unlawful search and wrongful arrest claims accrued on March 7th and for any false imprisonment claim on March 10th. The complaint does not allege the state officers taking any further actions after this date. Because the plaintiff waited until June 6, 2016, to file this civil rights action, the statute of limitations expired on these claims.

Against the state officers, the plaintiff's original and amended complaints allege only Fourth Amendment claims for unlawful search, seizure and detention. Clark summarily analogizes these claims to a malicious prosecution tort which has as one of its elements the "'termination of the . . . proceeding in favor of the accused'; and accordingly, the statute

---

[2] The federal criminal proceedings began in November of 2014 with a complaint naming Clark as one of four defendants in two criminal counts. *United States v. Clark*, No. 14-20130, ECF #1. This complaint which served as the basis for Clark's arrest warrant includes no charges based on the March 7th events. *Id*. The magistrate judge ordered Clark's detention based on these other charged violations. No. 14-20130, ECF# 26. The indictment that was filed a couple weeks later names Clark in two counts, and neither of them involve the March 7th events. No. 14-20130, ECF# 29. Indeed, the March 7th events were added as charges only in the superseding indictment filed in December of 2014, but Mr. Clark was already detained based on the original charges which do not involve the March 7th events. No. 14-20130, ECF# 37.

7

of limitations does not start to run until that termination takes place." *Manuel v. City of Joliet, Ill.*, --- U.S. ---, 137 S.Ct. 911, 921 (2017) (quoting *Heck v. Humphrey*, 512 U.S. at 484). In *Heck*, the state prisoner's § 1983 claims, "if true, would have established the invalidity of his outstanding conviction," and so the Court "analogized his suit to one for malicious prosecution." *Wallace*, 549 U.S. at 392. The *Heck* decision "rested this conclusion upon 'the hoary principle that civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments.'" *Id.* (quoting *Heck*, 512 U.S. at 486). Thus, "the *Heck* rule for deferred accrual is called into play only when there exists 'a conviction or sentence that has not been . . . invalidated,' that is to say, an 'outstanding criminal judgment.' It delays what would otherwise be the accrual date of a tort action until the setting aside of an extant conviction which success in that tort action would impugn." *Id.* at 393. The plaintiff Clark's argument for deferred accrual is fruitless under *Heck* as he had no extant conviction, and his argument for deferred accrual based on the possibility of a future conviction was rejected by *Wallace*. The Supreme Court said there:

> What petitioner seeks, in other words, is the adoption of a principle that goes well beyond *Heck*: that an action which would impugn an anticipated future conviction cannot be brought until that conviction occurs and is set aside. The impracticality of such a rule should be obvious. In an action for false arrest it would require the plaintiff (and if he brings suit promptly, the court) to speculate about whether a prosecution will be brought, whether it will result in conviction, and whether the pending civil action will impugn the verdict, *see Heck*, 512 U.S. at 487 n. 7—all this at a time when it can hardly be known what evidence the prosecution has in its possession. . . .

> We are not disposed to embrace this bizarre extension of *Heck*. If a plaintiff files a false-arrest claim before he has been convicted (or files any other claim related to rulings that will likely be made in a pending or anticipated criminal trial), it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended. [citations omitted]. If the plaintiff is ultimately convicted, and if the stayed civil suit would impugn that conviction, *Heck* will require dismissal; otherwise, the civil action will proceed, absent some other bar to suit. [citations omitted].

*Id*. at 393-94. The plaintiff's arguments for deferred accrual under *Heck* and *Wallace* are without merit.

Even assuming the plaintiff was bringing a § 1983 malicious prosecution claim against the defendant officers, he would have to prove as one of the required elements that the related original criminal action terminated in his favor. *Wilkins v. DeReyes*, 528 F.3d 790, 799, 803 (10th Cir. 2008), *cert. denied*, 555 U.S. 1212 (2009). "[T]o qualify as favorable, the termination of the original criminal proceeding must in some way indicate the innocence of the accused." *Margheim v. Buljko*, 855 F.3d 1077, 1086 (10th Cir. 2017) (internal quotation marks and citation omitted). "[D]ismissals based on orders suppressing evidence on technical grounds having no or little relation to the evidence's trustworthiness" would not be indicative of innocence. *Id*. (internal quotation marks and citation omitted). The prosecutor's dismissal of the charges related to the March 7th events came after the federal district court suppressed evidence observed and seized from the defendant and his vehicle during an investigative detention for which the officers lacked reasonable suspicion. ECF# 15-1, p. 8.

9

Dismissal here based on the suppression order is not a favorable termination under the holding in *Margheim* as there is nothing alleged questioning the defendant's actual commission of the crimes charged out of the March 7th events. 855 F.3d at 1089. Thus, the plaintiff is unable to allege this required element for a malicious prosecution claim.

The above shows that the plaintiff would be unable to state a malicious prosecution claim against any of the named defendants in his amended complaint. Moreover, the defendant Terra Morehead's actions in initiating and prosecuting these criminal charges in federal court are well within her prosecutorial role, and she is absolutely immune from suit for money damages for actions taken during the judicial process of initiating a prosecution. *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976). Finally, the plaintiff's *Bivens* claim against the United States and its agencies is barred by sovereign immunity. *F.D.I.C. v. Meyer*, 510 U.S. 471, 486 (1994)(direct action for damages against federal agencies not recognized under *Bivens*). Accordingly, plaintiff cannot seek damages under *Bivens* from the United States. Pursuant to its duty to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity, 28 U.S.C. § 1915A(a), the court dismisses the plaintiff's amended complaint against the defendant Morehead and the United States for failure to state a claim for relief.

IT IS THEREFORE ORDERED that the defendants' motion to dismiss (ECF# 8) is denied as moot;

IT IS FURTHER ORDERED that the defendants' motion to dismiss for failure to state a claim for relief (ECF# 17) is granted;

IT IS FURTHER ORDERED that the plaintiff's complaint against the defendants Terra D. Morehead and United States of America is dismissed for failure to state a claim for relief.

Dated this 21st day of November, 2017, Topeka, Kansas.

s/Sam A. Crow
Sam A. Crow, U.S. District Senior Judge